The Honorable Kim Hendren State Senator 1501 Hwy. 72 Southeast Gravette, AR 72736
Dear Senator Hendren:
You have requested my opinion on the following questions concerning the procedures for the incorporation of a municipality:
 1. Can two or more sponsors (agents) consolidate their petitions and submit to County Clerk as one petition?
2. Is this possible and considered legal?
It is my understanding that these questions pertain to an effort by two different groups to petition for the incorporation of Bella Vista Village, a property owners association.
RESPONSE
Although this matter is not directly addressed by the statutes, a reading of the relevant statutes as a whole leads me to conclude that an effort such as this to consolidate incorporation petitions would likely fail where there are different "agents" for the different petitioning groups.
The process for organizing territory into a city or incorporated town in Arkansas is governed by A.C.A. §§ 14-38-101 et seq. (Repl. 1998 and Supp. 2003). The inhabitants of the area may petition for incorporation as follows pursuant to A.C.A. § 14-38-101 (Supp. 2003):
 (a)(1) When the inhabitants of a part of any county not embraced within the limits of any city or incorporated town shall desire to be organized into a city or incorporated town, they may apply, by a petition in writing, signed by the greater of either two hundred (200) or a majority of the qualified voters residing within the described territory, to the county court of the proper county.
(2) The petition shall:
 (A) Describe the territory proposed to be embraced in the incorporated town and have annexed to it an accurate map or plat of the territory;
(B) State the name proposed for the incorporated town; and
 (C) Name the persons authorized to act in behalf of the petitioners in prosecuting the petition.
A.C.A. § 14-38-101 (Supp. 2003).
The statutes do not specify a procedure for circulating such a petition. To be prima facie sufficient, however, the petition must contain the above information. Particularly relevant for purposes of your questions is the requirement that the petition "[n]ame the persons authorized to act in behalf of the petitioners. . . ." A.C.A. § 14-38-101(a)(2)(C),supra. I interpret this to refer to the person denominated elsewhere in the statutes as the petitioners' "agent." See A.C.A. § 14-38-101(d)(1) (providing that the county court shall "communicate to the petitioners, or their agent, a time and place for the hearing . . . [;]") § 14-38-103(b) (1) (granting the county court discretion to "permit the agent named in the original petition to amend or change it[;]") § 14-38-106 (b) (complaint to prevent proposed incorporation to be furnished "to the agent of the petitioners . . .") Your question, in essence, is whether the "agents" who are named on different petitions can combine the petitions into one submission.
I must question whether the agents may submit the petitions in this manner, particularly given the statutory authorization for an agent to "amend or change" a petition at the discretion of the county court. A.C.A. § 14-38-103(b)(1), supra. This appears to reflect a substantive role for the "agent." This role is also reflected in § 14-38-101(a)(2)'s requirement that the petition must identify those who are "authorized to act in behalf of the petitioners in prosecuting the petition." If the petitions are combined, this raises the issue of who will serve as "agent" for the consolidated petition. Even if the described territory and the proposed name for the city are the same (see A.C.A. § 14-38-101(a)(2),supra) so as to support the argument that the separate petitions should be treated as one petition, I believe a legitimate question will arise in light of the fact that there necessarily will be a different named "agent" for some of the petitioners. As indicated above, this appears to be contrary to the statutory scheme.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh